# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 19-CR-623 |
| v. ) | |
| ) | Honorable Robert W. Gettleman |
| THOMAS E. CULLERTON ) | |
| ) | |

## DEFENDANT CULLERTON'S PRETRIAL MOTIONS

Defendant Thomas Cullerton, by and through his undersigned counsel, respectfully submits the following pretrial motions:

## BACKGROUND

Tom Cullerton was a member of the International Brotherhood of Teamsters, and worked as a truck driver for Hostess Brands for about five years. When Hostess filed for bankruptcy in 2012, Cullerton lost his job and needed to seek out new employment to support his family. Cullerton had been elected to the State Senate, but like most members of the state legislature, he needed a second job – one with some flexibility, especially since he would be in Springfield during legislative sessions. The then-President of Teamsters Joint Council 25 – John Coli – hired Cullerton in or about March 2013 and told him "to complete his political responsibilities and to attend picket lines and other union events." Coli Grand Jury Statement, at 3.

According to the allegations of the indictment, however, Cullerton did not do enough to keep his position. Specifically, the indictment alleges that he did "little or no" work and "failed to respond" to his supervisors. Indictment, ¶¶5, 11. As a result, the Joint Council fired Cullerton in or about January 2016.

More than three years later, the government charged Cullerton in a 41-count indictment. The indictment alleges that Cullerton conspired with John Coli as early as 2013 to violate 29 U.S.C. § 501(c) and 18 U.S.C. § 664 (Count One). These two statutes criminalize embezzling, stealing, or converting union funds and union benefit funds, respectively. The indictment also charged Cullerton with thirty-nine counts of violating 29 U.S.C. § 501(c) (embezzlement), one count for each paycheck received in 2015 and January 2016. The indictment alleges that Cullerton used the salary to pay for his mortgage, utilities, and groceries. Indictment, ¶ 9. The indictment contains a forfeiture allegation, seeking to take the Cullerton family home.

As noted, Coli expected Cullerton to work, and the indictment alleges that other supervisors at the Joint Council expected Cullerton to work as well. Indictment, ¶11. Importantly, the indictment does not allege that Coli or any other union official intended in March 2013 (when Cullerton was hired) to simply divert union funds to Cullerton without any benefit to the union or that they acted with fraudulent intent. Coli testified that, in 2013, he believed that hiring Cullerton would benefit the Union. Coli Grand Jury Statement, at 4.

Even assuming the truth of its allegations, the indictment impermissibly stretches the boundaries of the embezzlement statute to criminalize an employee who simply did not meet expectations. Under the government's theory, any union employee who does not perform his job now risks not only being fired (as was Cullerton) but also risks the prospect of imprisonment and the loss of his family home. The government alleged that Cullerton did "little or no" work, but offers no clarity on where it draws a line between when an under-performing employee should be fired or indicted.

The Seventh Circuit has discussed limits on charging a violation of 29 U.S.C. § 501(c). Those limits require the government to allege and prove fraudulent intent and that the defendant

2

believed that there was no benefit to the union. The indictment in this case, however, fails to address either point. It simply casts the circumstances here as embezzlement, stealing, and conversion when the common meaning of those terms, and more importantly as clarified by the Seventh Circuit, does not fit the circumstances alleged.

**ARGUMENT**

**I.     The Court Should Dismiss Counts 1-40 for Failure to State an Offense**

An indictment must be dismissed if it fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). To be legally sufficient, an indictment must allege all the elements of the charged crime, fairly inform the defendant of the nature of the charges and enable him to plead a judgment of conviction or acquittal as a bar to future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Miller*, 883 F.3d 998, 1002 (7th Cir. 2018). An indictment that sets forth the criminal offense in the words of the statute is normally sufficient "as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). When the statutory language falls short of that standard, however, the indictment must charge the crimes with "greater specificity" in order to "provide fair notice to defendants and to ensure that any conviction would arise of out of the theory of guilt presented to the grand jury." *Resendiz-Ponce*, 549 U.S. at 109-10. "Where guilt depends so crucially upon such a *specific identification of fact*, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Hamling*, 418 U.S. at 118 (emphasis in original) (quoting *Russell v. United States*, 369 U.S. 749, 764).

Counts 1 through 40 charge Cullerton with either conspiring to or in fact embezzling, stealing, abstracting, and converting union funds in violation of 29 U.S.C. § 501(c), which provides, "Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both."

The Seventh Circuit has discussed the limits of applying § 501(c) to the use of union funds to pay salary: "The distinction between theft and salary is permission: a manager who draws a $10,000 check as his salary <u>does not embezzle, steal, or convert funds</u>, although an unauthorized check in the same amount is theft." *United States v. Vandenbergen*, 969 F.2d 338, 340 (7th Cir. 1992) (emphasis added). In *Vandenbergen*, the Seventh Circuit reversed a conviction for embezzlement under 29 U.S.C. § 501, rejecting the government's argument that "all knowingly illegal uses of union money violate §501(c)." *Id.* at 339. The Court explained:

> It is essential to distinguish the mental element of §501(c) from the forbidden acts – embezzlement, theft, and conversion. This list does not include all violations of other laws but only the three named sins, which collectively denote acts that enrich the officers (or their friends) at the expense of the union. 'The common thread is that the defendant … has taken another person's property or caused it to be taken, knowing that the other person would not have wanted that to be done.'

*Id.* (quoting *United States v. Silverman*, 430 F.2d 106, 126-27 (2d Cir. 1970)). In short, the Court explained that there is a substantive difference between the authorized use of funds – e.g., the payment of salary to a hired employee – and an unauthorized diversion which is akin to the definition of embezzlement, theft, and conversation. To be clear, the Court noted that it could "imagine cases in which formally authorized expenditures violate §501(c)," but clarified that the

4

statute is violated only when the authorized expenditure offered "no possible benefit on the union's members, coupled with fraudulent intent." *Id.* at 340; *see also United States v. Carlino*, 143 F.3d 340, 344 (7th Cir. 1998) ("[t]he cornerstone of a §501(c) violation is the presence of fraudulent intent"); *United States v. Floyd*, 882 F.2d 235, 241 (7th Cir. 1989) ("the more important issue is whether [defendant] believed that the appropriation would somehow benefit the union.")

The indictment in this case is silent about fraudulent intent or whether the defendant believed that his employment benefited the union, regardless of whether he attended every event that he was requested to attend. His alleged conspirator, as mentioned, believed that his employment would benefit the union. In light of the limits that the Seventh Circuit has identified in charging § 501(c), the indictment at issue fails to state an offense, and must be dismissed pursuant to Rule 12.[1]

## II.  29 U.S.C. § 501(c) and 18 U.S.C. § 664 Are Unconstitutionally Vague as Applied

Counts 1 through 40 must be dismissed for an additional reason, 29 U.S.C. § 501(c) and 18 U.S.C. § 664 are void for vagueness as applied to the facts of this case. The Due Process clause prohibits the enforcement of a criminal statute if it so vague that "ordinary people can[not] understand what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The statute must "define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.*; *see also City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) ("Vagueness may invalidate a criminal law for either of two independent reasons. First, it

---

[1]  Although *Vandenbergen*, *Carlino*, and *Floyd* analyzed the language of § 501(c) specifically, the defendant submits 18 U.S.C. § 664 uses the same "embezzles, steals, or unlawfully and willfully abstracts or converts" language, just as it relates to benefit plans. As such, defendant submits that the Seventh Circuit's guidance applies equally to the § 371 count (Count One) even though it identifies both § 501(c)(3) and § 664 as objects of the conspiracy.

may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement").

### A. Lack of Fair Notice

As applied here, the indictment fails to give fair notice to Defendant Cullerton because it fails to differentiate between lawful and unlawful conduct. By tracking the statutory language of embezzlement, stealing, and conversion without alleging that the defendant believed there would be no benefit to the union or that he acted with fraudulent intent, the indictment essentially alleges that he committed a federal crime because he failed to show up when instructed to do so by his supervisors or otherwise failed in fulfilling his job responsibilities. "Criminal statutes should be read narrowly, so that they give clear notice of what they forbid." *Vandenbergen*, 969 F.2d at 340 (narrowly reading 29 U.S.C. § 501). Based on the common meaning of terms like embezzlement, stealing, and conversion, the defendant could not reasonably believe that his inattention to supervisors, as alleged in the indictment, would result in anything more than termination. There was no fair notice to the defendant that he was committing a federal crime.

### B. The Promotion of Arbitrary and Discriminatory Enforcement

Further, as applied here, § 501(c) and § 664 promote arbitrary and discriminatory enforcement. As noted, the government has alleged that defendant Cullerton did "little or no" work to earn the salary and benefits paid to him by the Union. The indictment's reference to "little" work is significant, considering that (1) neither statute uses that term, and (2) the government has put itself in the position to decide when a non-performing employee's performance is so "little" that it becomes cause for an indictment as opposed to a pink slip. This type of unfettered discretion is an open invitation for arbitrary and discriminatory enforcement.

6

The Court should dismiss the indictment because the lack of definiteness and the risk of arbitrary prosecution renders the statute unconstitutionally vague.

### III. Motion to Compel Early Presentation of *Santiago* Proffer

Count One charges the defendant with conspiracy. To the extent that the government wishes to admit statements against the defendant under Rule 802(d)(2)(E), it must submit a pre-trial proffer pursuant to *United States v. Santiago*, 582 F.2d 1128, 1130-35 (7th Cir. 1978), to "prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the person making the statement were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Stephenson*, 53 F.3d 836, 842 (7th Cir. 1995). Defendant respectfully requests the government file its *Santiago* proffer no less than 60 days before trial. Besides Coli, there has been no identification of other co-conspirators or identification of any statement that the government will seek to admit under Rule 802(d)(2)(E). The defendant requires this information to appropriately prepare for trial.

### IV. Motion for Disclosure of 404(b) Evidence

Defendant respectfully requests that the Court enter an order requiring the government to provide adequate notice of its intention to use any Rule 404(b) evidence at trial. The prompt disclosure of any such evidence is necessary to provide the defendant with sufficient time to investigate the allegations and address the myriad other issues associated with the potential use of such evidence. Again, the defendant requests the government to make any disclosure pursuant to Rule 404(b) at least 60 days before trial.

WHEREFORE, for the reasons set forth above, Defendant Cullerton respectfully requests that this Court grant his pretrial motions.

**Dated:** October 19, 2021  Respectfully submitted,

/s/ Daniel J. Collins
Daniel J. Collins, Esq. (ARDC #6224698)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5434
Daniel.Collins@katten.com


Attorney for Thomas E. Cullerton

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, the foregoing **Defendant Cullerton's Motion to Dismiss** was filed with the Clerk of Court by using the CM/ECF system, sending a notice of electronic filing to the all counsel of record.

/s/ Daniel J. Collins