# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 19-CR-623 |
| v. ) | |
| ) | Honorable Robert W. Gettleman |
| THOMAS E. CULLERTON ) | |

## REPLY IN SUPPORT OF DEFENDANT'S PRETRIAL MOTIONS

Defendant Thomas Cullerton, by his undersigned counsel, respectfully submits this Reply in Support of Defendant's Pretrial Motions:

**I.      The Indictment Fails To State an Offense**

As President of Teamsters Joint Council 25, John Coli authorized the hiring of Tom Cullerton knowing that this was a second job for him and that for extended periods of time, Cullerton would be unavailable because he was in Springfield or otherwise tending to his legislative responsibilities. In its Response, the government has alleged essentially that other supervisors will testify that they expected Cullerton to be more available and to perform more like other "organizers." For example, they will testify that Cullerton was not present for "day-to-day work activities at the union." (Response, 3) The government bounces back and forth between saying "no" work was done in some months to acknowledging that some work was done in others and that there are records of some of the work that Cullerton performed, including in 2014. (Response, 3)

Although there appears to be factual disputes about the extent of work performed, the fact that the union authorized the salary is not in dispute. The Seventh Circuit has made clear that an authorized salary, without more, is not embezzlement, theft or conversion. *United States v.*

*Vandenbergen*, 969 F.2d 338, 340 (7th Cir. 1992). To state an offense under 29 U.S.C. § 501(c) and 18 U.S.C. § 664, the government needs to allege that the authorized expenditure offered "no possible benefit on the union's members, coupled with fraudulent intent." *Vandenbergen*, 969 F.2d at 340. In his motion, the defendant pointed out that the indictment does not allege that Cullerton lacked a good faith belief that his employment would provide a benefit to the union. In its response, the government says nothing of *Vandenbergen* and instead cites cases that pre-date the Seventh Circuit's opinion, including cases that involve the offense of mail theft. Indeed, based on these older decisions, the government essentially argues that the statutory language – embezzlement, stealing, and unlawfully and willfully converting property – are sufficient to state the offense. The Seventh Circuit in *Vandenbergen*, however, made clear that the government must do more than recite the statutory language in this instance. *Id.*

And, in a case that the government says is "on all fours" with the present one, the Sixth Circuit agreed. More specifically, in *United States v. Bane*, 583 F.2d 832, the Court held:

> In a § 501(c) case in which the expenditure of union funds was authorized the government must prove two distinct but interrelated elements. First, it must prove that the defendant had a fraudulent intent to deprive the union of its funds and, second, that the defendant lacked a good faith belief that the expenditure was for the legitimate benefit of the union.

*Bane,* 583 F.2d 832, 835-36 (6th Cir. 1978). As noted in the original motion, the indictment fails to allege that Cullerton lacked a good faith belief that his employment would benefit the union.

Further, the indictment fails to allege that he acted with fraudulent intent. In its response, the government argues that the indictment includes allegations of "falsified documentation" and "false statements in official filings." The government is referring to its allegations that Cullerton disclosed his union employment in Statements of Economic Interest relating to the years 2013 and 2014. Cullerton did not hide the fact of his employment, but the government nonetheless

2

alleges that the disclosures were "false" because he was not doing enough to be considered an employee, in its view. (Indictment, ¶ 13) Then, when Cullerton filed his Statement of Economic Interest forms in later years ('16 and '17, after he was terminated), he initially failed to include the employment before catching the mistake and amending the Statement to include the prior employment. The indictment references the unamended filing, calling it "false." (Indictment, ¶ 14) In the government's view, whether Cullerton disclosed the employment or not, his filings were false in either event. The defendant respectfully submits that reference to these filings, even with the government's characterization of them as "falsified," are not sufficient to plead the elements required by *Vandenbergen*, namely the absence of a good faith belief that the authorized expenditure would benefit the union or the existence of fraudulent intent. For these reasons, Count One through Forty fail to state an offense and should be dismissed.

## II.  29 U.S.C. § 501(c) and 18 U.S.C. § 664 Are Unconstitutionally Vague as Applied

The defendant moved to dismiss for an additional reason, namely, that 29 U.S.C. § 501(c) and 18 U.S.C. § 664 were void for vagueness. The defendant argued that there was not fair notice that poor or inconsistent job performance would lead to indictment, as opposed to termination. This is especially so because the government is not alleging that "no" work was *ever* done, but instead arguing more broadly that "little" work was performed. In other words, the government is making its own determination as to how little is too little such that one's job performance is the basis for felony charges and loss of the family home, as opposed to simply being the basis for termination (Cullerton was fired in 2016). In its Response, the government points out that this statute has been used to prosecute "no show" jobs, citing *Bane* as an example. (R. 71, at 12) But citations to such cases are misplaced, because the allegations in this case are not that the conspirators agreed to a "no show" job. As noted in the original motion, when

3

defendant was hired, Coli and other officials expected Cullerton to work. (R. 69, at 2) And, as noted in the government's response, there were points in time when Cullerton did work. (R. 71, at 3) This of course is different from the Hoffa situation where everyone understood from the outset that Hoffa would do nothing. At what point did Cullerton not do enough such that he was subject to criminal liability and who besides the government gets to make that decision? The Due Process clause prohibits the enforcement of a criminal statute when there is a lack of fair notice and encouragement of arbitrary enforcement, and for this reason dismissal is warranted.

### III. Motion to Compel Early Presentation of *Santiago* Proffer

Defendant has requested that the government provide its *Santiago* proffer 60 days in advance of trial such that defendant has sufficient time to prepare for trial as well as raise objections to the Court. In response, the government argues that "there is only one defendant and the facts are straightforward." (R. 71, at 15) A review of the summaries of the various union officials who were interviewed, and then re-interviewed (sometimes multiple times), by the government makes clear that this case is far from straightforward. There are numerous evidentiary issues to consider, particularly where several of the union officials may be testifying to alleged facts (or the absence of a fact) on the basis of hearsay as opposed to their personal knowledge of events. Whether or not the government intends to identify particular declarants as conspirators might very well be critical in evaluating the admissibility of certain testimony. The defendant believes it to be in everyone's interest to resolve such thorny issues in a timely manner.

### IV. Motion for Disclosure of 404(b) Evidence

The defendant has requested that the government provide its 404(b) disclosure far enough in advance of trial to allow for effective trial preparation. The defendant believes that the

government has conducted interviews for which the defendant has received no discovery. Only the government knows whether such interviews include information about alleged other acts and whether the government intends to introduce such information. The defendant would like to avoid the scenario where the government discloses on the eve of trial a new set of allegations that requires investigation or additional time in order to be properly defended.

WHEREFORE, for the reasons set forth above, Defendant Cullerton respectfully requests that this Court grant his pretrial motions.

**Dated:** November 29, 2021

Respectfully submitted,

/s/ Daniel J. Collins
Daniel J. Collins, Esq. (ARDC #6224698)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5434
Daniel.Collins@katten.com

Attorney for Thomas E. Cullerton

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2021, the foregoing **Reply in Support of Defendant Cullerton's Pretrial Motions** was filed with the Clerk of Court by using the CM/ECF system, sending a notice of electronic filing to the all counsel of record.

/s/ Daniel J. Collins